Susan WALLIS et al.

v.

John P. MAINVILLE et al.

No. 93–152–A.

Supreme Court of Rhode Island.

March 24, 1994.

George Prescott, Lincoln, for plaintiff.

Bruce Vealey, Greenville, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing all parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In this matter plaintiffs have appealed from a Superior Court judgment holding them responsible for taxes on certain land in the town of Burrillville. The matter was submitted to the Superior Court on an agreed statement of facts. The plaintiffs below were among eight owners of nine lots of land in the town of Burrillville located in a subdivision called Hemlock Farm Estates. The subdivision, approved in 1985, included the nine lots, a road known as Hemlock Farm Trail, and thirty-nine acres of "open space." The developer, Sherlock Homes, Inc., conveyed the road and open-space area to the Hemlock Farm Estates Owners Association, a Rhode Island nonprofit corporation. No such corporation existed at the time of the development or exists now.

In 1989 defendants, Tax Assessors of Burrillville, levied taxes on the street and open space located in Hemlock Farm Estates. Taxes for the years 1987, 1988, 1989, 1990, and 1991 were billed to the nonexistent owners' association and were not paid. After the town scheduled a tax sale, plaintiffs filed suit against the town, its tax collector, tax assessors, and the planning board. They requested that the Superior Court issue a declaratory judgment that the street was a public highway and the open-space land was to be held in the public domain not subject to taxation.

The trial justice, in a bench decision, concluded that while the subdivision plat had been approved by the town, the land in question was never offered for dedication and was not in the public domain. Prior to the decision by the trial justice, the parties had reached an agreement regarding Hemlock Farm Trail. Its status was no longer an

issue before the court. The trial justice ruled that the owners who enjoy the benefits of the open-space land, which serves as a buffer around them, should bear the burden of taxation.

The trial justice ruled that although the plat was approved in 1985, there was no intent to dedicate the open-space land for public use, pursuant to G.L.1956 (1991 Reenactment) § 45–23–10. The intent or lack thereof was clearly evidenced by the easement over the open-space land Sherlock Homes granted. That easement provides as follows:

"Nothing herein contained shall expressly, or by implication, grant to or give to the Town or to the general public the right to enter upon the easement area, there being no general intention to dedicate the easement area to the general public use."

The plaintiffs' argument that they do not own the land and are not responsible for taxes is refuted in the minutes of the various planning board meetings at which the Hemlock Farm subdivision was discussed. On May 13, 1985, the minutes stated: "The open space land would be owned in common, with each owner having ⅑[ ]th ownership." Another notation in the minutes of the planning-board meeting of June 10, 1985, breaks down the ownership into ⅟₁₆th for each individual owner of the nine lots. On September 9, 1985, the owners' association was again referred to in the minutes of the planning board: "There are to be 9 members of the association, the nine property owners."

This court is of the opinion that the owners' failure to legally establish the association does not change the essential fact that the owners of the lots in Hemlock Farm Estates were the intended owners of the open-space land. To allow these owners to escape payment of taxes because of the failure to formally organize the association would be unfair.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.